[Civ. No. 19215. Fourth Dist., Div. Two. May 11, 1978.]

REGIONAL CENTER OF ORANGE, Plaintiff and Respondent, v. ERNEST KING, Defendant and Appellant.

**COUNSEL**

Charles E. Ward, Public Defender, and Littleton M. Gunn, Deputy Public Defender, for Defendant and Appellant.

Robert Friedman for Plaintiff and Respondent.

**OPINION**

**GARDNER, P. J.**—The trial court denied appellant, a developmentally disabled person, a jury trial. Thus, this appeal raises the question whether such a person is entitled to a jury trial upon request in a commitment proceeding pursuant to Health and Safety Code sections 38009.1 and 38009.2.[1] ██ We conclude that these persons are so entitled even though there is no express statutory provision for jury trials in these proceedings.

Where proceedings result in substantial loss of personal liberty, the state acts unconstitutionally, i.e., in violation of the equal protection clauses of the California and the United States Constitutions, if it grants jury trials to some groups while denying them to others, unless the different treatment is shown to be necessary to achieve a compelling state interest. (*In re Gary W.,* 5 Cal.3d 296, 306-307 [96 Cal.Rptr. 1, 486 P.2d 1201].)

[1]Unless otherwise specified, all statutory references in this opinion are to the Health and Safety Code.

We held in *O'Brien* v. *Superior Court,* 61 Cal.App.3d 62, 69 [132 Cal.Rptr. 13] [hg. den., Oct. 14, 1976] that allegedly mentally retarded persons who are a danger to themselves or others are entitled to jury trial upon request in commitment or recommitment proceedings. There is no express statutory provision for jury trials in proceedings under Welfare and Institutions Code section 6500 et seq.

The regional center has failed to meet its burden of demonstrating a compelling state interest in denying a right to jury trial to allegedly developmentally disabled persons.[2] Consequently, they are entitled to jury trials upon request in commitment proceedings pursuant to sections 38009.1 and 38009.2.[3]

Appellant also contends that (1) section 38009.1 and section 38009.2 are unconstitutional, (2) the filing of the petition for commitment and the presentation of allegations by the regional center is unconstitutional, and (3) the regional center has the burden of proving that commitment is made to the least restrictive alternative placement.

Since emergency legislation enacted as Statutes 1977, chapter 984, and effective on September 23, 1977, repealed sections 38009.1 and 38009.2 and in their place added new sections to division 6 of the Welfare and Institutions Code governing admission and judicial commitments of developmentally disabled persons (Welf. & Inst. Code, §§ 6513-6519), appellant's remaining contentions are moot.

The judgment is reversed.

Tamura, J., and McDaniel, J., concurred.

---

[2]The term "developmentally disabled" includes mental retardation. (§ 38010, subd. (a).)

[3]We have certified this opinion for publication pursuant to rule 976(b)(1), California Rules of Court, because even though sections 38009.1 and 38009.2 were repealed on September 23, 1977, the statutes that superseded them (Welf. & Inst. Code, §§ 6513-6519) present the same first impression jury trial issue and will be operative from September 23, 1977, until January 1, 1979, when they are repealed. (Stats. 1977, ch. 984, § 12.)